Argued May 6; affirmed May 26; rehearing denied
July 8, 1931.

STATE *v.* FLYNN ET AL.

(299 P. 694, 300 P. 1024)

*Homer I. Watts,* of Athena (Watts & Prestbye, of Athena, and Peterson & Lewis, of Pendleton, on the brief), for appellants.

*C. C. Proebstel,* District Attorney, of Pendleton, for the State.

■■ BROWN, J. Chapter 141, General Laws of Oregon, 1915, is entitled:

"An act relating to intoxicating liquors; prohibiting the manufacture and sale thereof  *  *  *; declaring certain places and things to be nuisances and

providing for their abatement and injunction  *  *  *;
and providing for search of premises and seizure and
destruction of liquor  *  *  *."

Section 20 thereof, the section assailed by the
defendants, reads:

"Upon the filing of a complaint, information or
indictment charging that a place is kept or maintained
as a common nuisance by any person or persons, and
that intoxicating liquors, bottles, glasses, kegs, pumps,
bars or other property are kept or used therein in
keeping and maintaining such place as a common
nuisance, a warrant shall be issued commanding the
officer to whom it is directed to arrest the person or
persons charged or described as the keeper or keepers,
and to search the place described in such complaint,
information or indictment, and to seize and take into
his custody all intoxicating liquors, glasses, bottles,
kegs, pumps, bars or other property described in said
complaint or information which he may find at such
place, and safely keep the same subject to the orders
of the court. The complaint or information shall be
supported by oath or affirmation and shall describe
the place to be searched with sufficient particularity
to identify the same, and shall describe the intoxicating
liquors, or other property alleged to be used in main-
taining the same, as particularly as practicable, but
any description, however general, that will enable the
officer executing the warrant to identify the property
to be seized, shall be deemed sufficient. Upon the
return of the warant, the court shall proceed as in
other cases against the person or persons arrested."

The defendants assert that this section has deprived
the magistrate issuing the search warrant of his right
to determine probable cause. The finding of probable
cause to issue a search warrant is a judicial function.
There are numerous cases in our own and other juris-
dictions that hold that an act passed by the legislative
assembly that attempts to deprive the magistrate of

the right to determine probable cause is unconstitutional. We concur in this holding. The people of the state of Oregon, to the end and that justice be established, ordained that "no law shall violate the right of the people to be secure in their persons, houses, papers and effects, against unreasonable search or seizure; and no warrant shall issue but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the person or thing to be seized": Or. Const., Art. 1, § 9.

Section 13-2501, Oregon Code 1930, provides:

"A magistrate authorized to issue a warrant of arrest has authority to issue a search warrant, directed to a peace officer, commanding him to search for personal property at any place within his county, and bring it before the magistrate."

As to the grounds upon which a search warrant may issue, section 13-2502 reads, in part:

"A search warrant may be issued    *    *    *:

*            *            *            *            *

"3. When the property is in the possession of any person, with the intent to use it as the means of committing a crime    *    *    *.""

With respect to the manner in which probable cause should be shown, section 13-2503 provides:

"A search warrant cannot be issued but upon probable cause, shown by affidavit, naming or describing the person, and describing the property and the place to be searched."

See *State v. Quartier,* 114 Or. 657 (236 P. 746); *State v. McDaniel,* 115 Or. 187 (231 P. 965, 237 P. 373); *State v. Harris,* 119 Or. 422 (249 P. 1046).

Section 13-2504 provides for the examination of the complainant and his witnesses, if any, before the search warrant issues.

Section 13-2505 provides that if the magistrate finds that there is probable cause "he must issue the warrant," and sets out, in substance, the form thereof.

Section 13-2507 relates to the power of the officer in executing a search warrant. Section 13-2508 provides for the giving of a receipt for the property taken. The next nine sections relate to the procedure to be followed in the execution of a search warrant and the return thereof, and section 13-2518 provides for the destruction of any property taken on a search warrant, when the manufacture, sale, or use thereof is prohibited by the laws of Oregon. None of these sections have been repealed.

In 1 Cooley's Constitutional Limitations (8th Ed.), at pp. 376, 377, it is written:

"As a conflict between the statute and the Constitution is not to be implied, it would seem to follow, where the meaning of the Constitution is clear, that the court, if possible, must give the statute such a construction as will enable it to have effect. This is only saying, in another form of words, that the court must construe the statute in accordance with the legislative intent.   *   *   *

"The rule upon this subject is thus stated by the Supreme Court of Illinois:

" 'Whenever an act of the legislature can be so construed and applied as to avoid conflict with the Constitution and give it the force of law, such construction will be adopted by the courts   *   *   *.'

"And it is said by Harris, J., delivering the opinion of the majority of the Court of Appeals of New York (See *People v. Supervisors of Orange,* 17 N. Y. 235, 241):

" 'A legislative act is not to be declared void upon a mere conflict of interpretation between the legislative and the judicial power. Before proceeding to

annul, by judicial sentence, what has been enacted by the law-making power, it should clearly appear that the act cannot be supported by any reasonable intendment or allowable presumption.' "

For more than sixty years there has been upon the statute books of this state a general law providing the procedure for the issuance of search warrants and the proceedings thereon. It yet remains unchanged. One of its essential provisions is the emphatic direction to the officers that no search warrant shall issue except upon probable cause, shown by affidavit, naming the person and describing the property and the place to be searched. But, when the magistrate is satisfied, by competent evidence, that there is probable cause to believe that there are grounds for the application, he must issue the warrant. It was never the intention of the legislature to repeal any part of our search and seizure statute by the enactment of section 20, chapter 141, General Laws of Oregon, 1915. Section 20, assailed by the defendants, does not, within itself, form a complete code for search and seizure. That it was not intended to be regarded as complete in itself is evidenced by the last sentence thereof, which provides: "Upon the return of the warrant, the court shall proceed as in other cases against the person or persons arrested." There is no provision of chapter 141, General Laws of Oregon, 1915, that is inconsistent with the search and seizure statute hereinbefore referred to. It is taught by 2 Lewis' Sutherland Statutory Construction (2d Ed.), pp. 845, 846, that:

"Statutes which are not inconsistent with one another, and which relate to the same subject-matter, are *in pari materia*, and should be construed together; and effect should be given to them all, although they contain no reference to one another, and were passed

at different times. Acts *in pari materia* should be construed together and so as to harmonize and give effect to their various provisions."

The same doctrine is announced in Black on Interpretation of Laws (2d Ed.), at section 104. In his discussion of the rule, the author says:

"The reasons which support this rule are twofold. In the first place, all the enactments of the same legislature on the same general subject-matter are to be regarded as parts of one uniform system. Later statutes are considered as supplementary or complementary to the earlier enactments."

And from 25 R. C. L., § 290, "Statutes," we carve the following:

"Penal statutes are within the operation of the general rule * * *. Statutes in relation to the same offense must be taken together and construed as if the matters to which they relate were embraced in a single statute."

So, in view of the doctrine just announced, it is plain that the section complained of must be construed in connection with our search and seizure statute.

The defendants assert that section 20 is unconstitutional because it does not permit the magistrate issuing the warrant to determine probable cause. Among other things, section 20 provides that, when a complaint, or information, or indictment charges that a place is maintained as a common nuisance by any person, and that intoxicating liquors, bottles, glasses, et cetera, are used therein in the maintenance of such place as a common nuisance, *"a warrant shall be issued."* This section, when construed in connection with our search and seizure law, vests in the magistrate the duty to determine probable cause in accordance with the requirements of the Constitution, before issuing a search warrant.

The defendants further assert that the use of the word "shall" in section 20 constitutes an imperative requirement that the officer issue the search warrant regardless of his belief concerning probable cause. We answer that contention by saying that "shall," as used in this particular section, is permissive, and not mandatory. Used in its ordinary sense, it is an imperative term. But, as stated in 2 Lewis' Sutherland Statutory Construction (2d Ed.), at page 1155:

"The intent of the act controls, and when the spirit and purpose of the act require the word 'shall' to be construed as permissive, it will be done."

With relation to the use of "shall" in statutes as permissive or mandatory, we note also the following from 6 Words & Phrases (3d Series), at page 1072:

"In the construction of a statute the word 'shall' will be construed as 'may' when necessary to sustain its constitutionality, if the intention of the legislature as disclosed by the language of the statute will be thereby accomplished: *Reed v. Wellman,* 110 Neb. 166 (193 N. W. 261, 262)."

See, also, the holding of this court in *State v. Hecker,* 109 Or. 520 (221 P. 808).

The defendants cite numerous authorities holding insufficient for the issuance of search warrants affidavits based upon information and belief only, or affidavits alleging conclusions and not evidentiary facts. In the instant case, the information alleges the existence of a nuisance. It further relates evidentiary facts that establish the existence of the nuisance and the identity of the keeper thereof. For definition of "evidentiary fact" and "conclusions of fact," see *Maeder Steel Products Co. v. Zanello,* 109 Or. 562 (220 P. 155), and the authorities therein cited.

■■ Measured by legal requirements, the verified information on file herein is sufficient as a basis for the issuance of a search warrant. It states as facts certain matters which, if wilfully false, constitute perjury. Furthermore, its statement of fact charges the commission of a crime, while the law requires but probable cause, established by the oath or affirmation of the affiant. The writer can conceive of no sound reason for holding that greater strictness is required in an affidavit for the issuance of a search warrant than for issuance of a warrant charging the commission of a crime.

The determination that the search and seizure was valid removes the defendants' objection to the admissibility as evidence of the articles seized in accordance with the direction of the warrant.

This cause should be affirmed. It is so ordered.

BEAN, C. J., concurs in the result.

RAND, J., dissents.

ROSSMAN and KELLY, JJ., did not participate in the hearing or decision of this case.

--------

Petition for rehearing denied July 8, 1931.

### ON PETITION FOR REHEARING
(300 P. 1024)

BROWN, J. The defendants have petitioned for a rehearing. They make the point that that part of section 20, chapter 141, General Laws of Oregon, 1915, providing for the issuance of a search-warrant, is invalid, in that it is in conflict with section 9, article 1 of the Oregon Constitution. For a statement of the facts in the case, with copy of the information and search-warrant issued, see our former opinion.

For the purpose of this case only, and without deciding the question, we shall assume that incriminating evidence wrongfully seized upon a search-warrant is not admissible against the owners or possessors thereof.

▆▆▆ It is settled law in this state that "this court will avoid deciding upon the constitutionality of a statute, whenever there appears in the record any other ground sufficient to sustain a proper disposition of the case in judgment." *Elliott v. Oliver,* 22 Or. 44 (29 P. 1). See, also, *Briedwell v. Henderson,* 99 Or. 506 (195 P. 575), and cases therein cited. Therefore, we shall not determine upon the constitutionality of section 20 of the Prohibition Law upon this appeal. Section 15 thereof defines the crime of maintaining a common nuisance, and our code provides sufficient procedure for the issuance of the warrant and the prosecution of the cause.

Chapter 141, General Laws of Oregon, 1915, provides, at section 40:

"If any provisions of this Act shall be held void and unconstitutional, it is hereby provided that all other parts of the same which are not expressly held to be void or unconstitutional shall continue in full force and effect."

The contention of counsel that that part of section 20 wherein the word "shall" is used is unconstitutional can in no way affect the disposition of this appeal. In the creation of additional crimes, it is unnecessary to provide additional criminal procedure for the prosecution thereof. So, in the cause at issue, if the word "shall" were eliminated from section 20 as being unconstitutional, there still remains the law denouncing as a crime the keeping of a common nuisance. And, when the prohibition agent had filed an information

under oath containing all of the elements of a common nuisance as defined by the statute, it became the duty of the magistrate to issue a search-warrant upon a showing of probable cause, and the incriminating articles obtained on such a search would be competent evidence in the trial of the cause.

The petition for rehearing should be denied. It is so ordered.

ROSSMAN and KELLY, JJ., did not participate in the hearing or decision of this case.