[Crim. No. 3557. Fourth Dist., Div. One. Nov. 19, 1969.]

THE PEOPLE, Plaintiff and Respondent, v.
DAVID HAROLD SOLOMON, Defendant and Appellant.

## Counsel

Norbert Ehrenfreund, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, Elizabeth Miller and Melvin R. Segal, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**BROWN (Gerald), P. J.**—David Harold Solomon appeals a judgment, after jury trial, convicting him of kidnaping (Pen. Code, § 207) and second degree robbery (Pen. Code, § 211).

About 3:30 a.m., January 22, 1968, in Imperial Beach, Solomon and two juvenile male companions he had met in Tijuana stopped a car driven by Pamela Knox by angling Solomon's car in front of hers, blocking its way. One of Solomon's companions asked Miss Knox for money. She said she had none. Solomon left the wheel of his car, told his companion to return to his car, told Miss Knox he had a knife, told her to move over in the seat and struck her on the cheek with his fist. He entered the car and drove two or three blocks. His companions followed in Solomon's car. Solomon demanded money. Miss Knox gave him a dollar saying it was all she had.

Solomon stopped Miss Knox's car. One of the boys came over from Solomon's car and Solomon handed him the dollar, instructing him to "put this in the gas tank and then follow us."

Miss Knox opened the car door. Solomon grabbed her, holding on as she got out. She screamed, Solomon put his hand over her mouth and knocked her to the sidewalk. A light came on in a nearby house. Solomon departed in his car with his companions.

Miss Knox went to the lighted house where its owners, Mr. and Mrs. Craft, took her in and called the police. Miss Knox told the Crafts what had happened.

Within an hour, Solomon and his companions hailed a policeman in Coronado asking him where they might find an open gas station. The officer had heard a radio report of Miss Knox's robbery describing the suspects as one black and two white adults in a dark green Mustang car. Solomon is Black, his companions white and his car a dark green Mercury Cougar. The officer told Solomon to follow him to the police station where he could

get them some gas. Solomon followed the officer to the police station where he and his companions were arrested and held as suspects in the kidnaping and robbery of Miss Knox.

In the course of pretrial hearings, the court below ruled Solomon's arrest was illegal and a confession he made after arrest was suppressed. Miss Knox viewed Solomon and his companions at the station. She identified Solomon and one of his companions as the ones who had accosted her in Imperial Beach. The trial court ruled the lineup was illegal, impermissibly suggestive and forbade evidence of her pretrial identification. The court also disallowed any in-trial identification of Solomon by the victim.

■ On appeal, Solomon contends the court should not have allowed fingerprint evidence matching his prints to those the police found on the left front window of Miss Knox's car. He argues the police took his prints following an arrest judicially declared to be illegal, thus during an illegal detention and in violation of his Fourth Amendment rights. However, the prints of Solomon's fingers which were matched with the prints on the victim's car at trial were taken from Solomon at the jail after he had been bound over for trial at a preliminary hearing and arraigned. Solomon's Fourth Amendment rights were not violated when the police took samples of his fingerprints during a judicially authorized detention. (See *Davis* v. *Mississippi,* 394 U.S. 721, 727 [22 L.Ed.2d 676, 681, 89 S.Ct. 1394, 1398].)

■ Solomon contends the court should not have allowed his two juvenile companions to testify because it was by "unlawful police conduct" the identity of the boys was learned and because the boys gave statements under allegedly coercive conditions after they were arrested. The trial court ruled the detention of the boys, during which their names were learned, was legal as the officer had probable cause to detain them for investigation. When the police learned their names and ages during this investigation they had probable cause to arrest the juveniles for violating curfew. ■ Circumstances short of probable cause for an arrest may justify temporary detention for investigation and questioning. (*People* v. *Mickelson,* 59 Cal.2d 448, 450 [30 Cal.Rptr. 18, 380 P.2d 658]; *People* v. *Manis,* 268 Cal.App.2d 653, 659 [74 Cal.Rptr. 423].) ■ The officer here had sufficient reason to investigate Solomon and his two companions where he had heard a report of a recent robbery in the general area, involving a black and two white men, driving a similar car. It was not unreasonable for the officer to have them follow him to the nearby police station for investigation as it was early morning, the suspects outnumbered him and

the suspected crime was one involving violence. The police legally learned the names of Solomon's companions.

Evidence of the alleged police coercion of the boys was taken out of the jury's presence. Both boys denied they had been coerced. The People did not attempt to introduce any extrajudicial statements by the boys.

Solomon argues one who has made a coerced statement to the police is unlikely to go back on that statement at trial, just as one who picks someone out of a lineup is not likely to change later. Whether a witness, having been coerced into making a false statement, would tend to keep to that statement when under the protection of a court, need not be decided. The prime question is whether any coercion has affected the witness' testimony on the witness stand. Here, both witnesses denied coercion in the first instance. Implicit in the court's ruling which allowed the boys' testimony is a determination they were free from coercion. Since the record supports this determination the court acted within its discretion.

█ Miss Knox was not allowed to identify Solomon in court as her kidnaper and robber because of the pretrial ruling she had witnessed him in an illegal lineup. Solomon urges as error a trial court ruling he could not argue to the jury Miss Knox's failure to identify Solomon in trial. Implicit in any such argument would be the inference Miss Knox was unable to identify Solomon even after observing him in the close confines of her car for a substantial period of time. In this, the argument would be deceptive and could only be countered by explaining Miss Knox was not allowed to identify Solomon by a court ruling even though she had identified him before trial and was prepared to identify him in trial. The trial court did not abuse its discretion by limiting argument which could only mislead the jury. The exclusionary rule has developed to protect individual rights and to prevent illegal police action. It does not serve its purpose if used to create, out of whole cloth, affirmative evidence favorable to the defense.

█ Solomon claims the court erred in allowing Mrs. Craft to say what Miss Knox told her shortly after she had escaped and was taken into the Crafts' home. Mrs. Craft invited the victim in, asked her to sit down, gave her a cigarette, then asked her what the matter was and what had happened. The question on appeal is whether the court erred in allowing Mrs. Craft to narrate the victim's response as a spontaneous declaration exception to the hearsay rule. (Evid. Code, § 1240, subd. (b).) █ In making this determination, some discretion must be allowed the trial court (*Showalter* v. *Western Pac. R. R. Co.,* 16 Cal.2d 460, 469 [106 P.2d 895]; *Ungefug* v. *D'Ambrosia,* 250 Cal.App.2d 61, 67 [58 Cal.Rptr. 223]). "It would be unreasonable to prohibit evidence concerning spontaneous declarations in every case where they are prompted by a simple inquiry as to what occurred." (*People* v. *Costa,* 40 Cal.2d 160, 168 [252 P.2d 1].)

█ The trial court did not abuse its discretion in ruling Miss Knox's statement to Mrs. Craft was spontaneous and thus admissible. The statement was made shortly after a harrowing experience and the court could reasonably conclude Miss Knox had no time to reflect or fabricate and would still be under the stress of her experience.

Judgment affirmed.

Coughlin, J., and Whelan, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 14, 1970. Peters, J., was of the opinion that the petition should be granted.