Argued September 18, reversed and remanded December
24, 1969, petition for rehearing denied January 27,
1970. Petition for review denied by
Supreme Court April 28, 1970

STATE OF OREGON, *Respondent, v.* CAROL
DINNEY, alias CAROL RYERSE,
*Appellant.*

STATE OF OREGON, *Respondent, v.*
RONALD LEE PRICKETT
and
ARTHUR LAWRENCE LaMAY,
*Appellants.*
462 P. 2d 698

*Kenneth C. Hadley, Jr.,* Deputy Public Defender, Salem, argued the cause for appellants. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Robert E. Brasch,* District Attorney, Coquille, argued the cause for respondent. With him on the brief was Jerry O. Lesan, Deputy District Attorney, Coquille.

FORT, J.

Defendants Prickett and LaMay were indicted and convicted for armed robbery. Defendant Ryerse was separately indicted for the same crime and convicted thereof. The cases were by agreement of all defendants consolidated for trial. Each appeals from the resulting judgment.

The principal errors asserted all arise out of the failure of the court to grant a motion to suppress certain evidence obtained as a result of the issuance of a search warrant alleged to have been illegally issued. The warrant was issued to search the residence of the defendant LaMay. The first challenge

is to the sufficiency of the affidavit, standing alone, to support the issuance of the search warrant.

The affidavit, in its material parts, states as follows:

"I, * * * being first duly sworn on oath depose and say:

"That I am a Deputy Sheriff for Coos County, Oregon; that on the 14th day of August, 1967, I was the investigating officer of an armed robbery * * * and of another armed robbery * * * and that I have since determined positively that the two aforementioned robberies did in fact occur; that I have now been informed by an individual of a reliable source that the following items are involved or related with the two aforementioned crimes * * *, said items being:

"* * * * *

"That the aforementioned informant is relying on information of an eye witness who has not only seen all the items involved, but has talked to the two suspects of these crimes who have admitted both crimes in full detail to him; that this eye witness has since relayed this same information to the aforementioned informant; that I have since determined a name and address of the eye-witness-informant that he will be available for testimony in court in this matter, and, therefore,

"Based on the foregoing, the undersigned affiant respectfully requests that a search warrant be issued * * *."

The warrant and affidavit were presented to the magistrate one evening at his home by two officers. After talking with them he signed the search warrant.

An extensive hearing was held on the motion to suppress. The magistrate and one of the two officers who presented the warrant to him both testified at

length. The other officer, who signed the affidavit, did not testify.

At its conclusion the trial court stated:

"The first observation I will make is that I am unhappy with the affidavit. The affidavit ought to be the basic instrument. I am satisfied · * * * that additional information, the underlying circumstances, may be inquired into and I am considering the testimony of the committing magistrate, Judge * * *, and Officer * * *. The affidavit is based upon hearsay * * *.

"* * * * *

"* * * I feel the affidavit should have gone into not only the reliability of the actual informant who contacted the police officer, but also the ultimate source of the information, the informant who let the information out of the bag * * *."

■ We agree with the trial court that the affidavit standing alone was insufficient to establish probable cause for the issuance of the warrant. It does not meet the test of *Aguilar v. Texas,* 378 US 108, 84 S Ct 1509, 12 L Ed 2d 723 (1964).

In *Spinelli v. United States,* 393 US 410, 89 S Ct 584, 21 L Ed 2d 637 (1969), decided after this case was tried, the court said:

"In *Aguilar,* a search warrant had issued upon an affidavit of police officers who swore only that they had 'received reliable information from a credible person and do believe' that narcotics were being illegally stored on the described premises. While recognizing that the constitutional requirement of probable cause can be satisfied by hearsay information, this Court held the affidavit inadequate for two reasons. First, the application failed to set forth any of the 'underlying circumstances' necessary to enable the magistrate independently to judge of the validity of the informant's con-

clusion that the narcotics were where he said they were. Second, the affiant-officers did not attempt to support their claim that their informant was ' "credible" or his information "reliable." ' * * *"
393 US at 412-13.

The trial court correctly pointed out that the affidavit nowhere claims reliability for the "eye-witness-informant" nor does it claim or even suggest that the "reliable" person who related to the affiant what he had heard himself considered such person or information to be reliable.

The trial court, however, then determined that the unsworn oral comments made by the officers to the magistrate when combined with the written affidavit did constitute a sufficient basis to support a finding of probable cause. Accordingly it denied the motion to suppress.

■ We must then decide whether the magistrate could properly consider, along with the affidavit, the unsworn oral comments or statements here made to him in finding probable cause. Appellants contend this was error.

The states are bound by the Fourth Amendment. *Ker v. California*, 374 US 23, 83 S Ct 1623, 10 L Ed 2d 726 (1963). That amendment provides so far as here relevant:

"* * * [N]o Warrants shall issue, but upon probable cause, *supported by Oath or affirmation*, and particularly describing the place to be searched, and the persons or things to be seized." (Emphasis supplied.) U.S. Const. amend. IV.

The Supreme Court in *Nathanson v. United States*, 290 US 41, 54 S Ct 11, 78 L Ed 159 (1933), stated:

"Under the Fourth Amendment, an officer may not properly issue a warrant to search a private

dwelling unless he can find probable cause therefor from facts or circumstances *presented to him under oath or affirmation.* \* \* \*" (Emphasis supplied.) 290 US at 47.

It expressly reaffirmed this rule in 1964 in *Aguilar v. Texas,* supra, 378 US at 112.

ORS 141.050 provides:

"Before issuing the warrant, the magistrate shall examine *on oath* the complainant and any witnesses he may produce, take their depositions in writing and cause the depositions to be subscribed by the parties making them." (Emphasis supplied.)

At the hearing on the motion to suppress, the magistrate, when asked whether either officer was placed under oath, testified:

"No, they were not. I did not put them under oath other than the search warrant was sworn to and subscribed to before me by Officer \* \* \*."

No other sworn testimony or deposition was submitted to him.

He further testified that in issuing the warrant:

"I was relying, of course, on the affidavit *and what they told me from their personal investigations* \* \* \*." (Emphasis supplied.)

Because the magistrate found the requisite probable cause based in part upon unsworn comments made to him by the officers and without which he could not have made such finding, we hold the motion to suppress should have been allowed.

In the view we have taken of this case it becomes unnecessary to decide whether the warrant sufficiently

described the things that were seized. The remaining assignment of error is without merit.

The judgments must be reversed and the causes remanded for a new trial.