Argued January 19, reversed and remanded May 28, petition
for rehearing denied by opinion July 29, 1971

# STATE OF OREGON, *Respondent, v.*
# LYNN DARRELL REDEMAN, *Appellant.*

485 P2d 655
486 P2d 1311

*Howard R. Lonergan*, Portland, argued the cause and filed the briefs for appellant.

*Thomas H. Denney*, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

FORT, J.

Following indictment, the defendant, age 17, was convicted by a jury of the crime of grand larceny of an automobile and sentence was imposed. He appeals, asserting several errors.

On July 28, 1969, a police officer filed a juvenile court petition which alleged that the defendant was within the jurisdiction of the juvenile court on the ground he had stolen the car here involved.

On the same day the juvenile court, pursuant to an affidavit filed by the complaining police officer,

issued an arrest warrant which resulted in the defendant's being taken into custody on August 4, 1969. A few days thereafter he was arrested and taken to the juvenile detention home.

On that same day a deputy district attorney filed a motion and affidavit in the juvenile court requesting a court order authorizing the fingerprinting of the defendant. The court granted the motion and issued an order so authorizing.

On August 5 his fingerprints were taken at the juvenile detention home by an officer sent out for that purpose from the police identification bureau.

ORS 419.585 provides:

"Neither the fingerprints nor a photograph of a child taken into custody for any purpose under ORS 419.472 to 419.587 shall be taken except in the following circumstances:

"(1) With the consent of the juvenile court;
* * *
"* * * * *."

The defendant duly moved to suppress the fingerprint evidence on the ground it was obtained "not incident to a lawful arrest but pursuant to an unlawful arrest by warrant issued without probable cause." Copies of both affidavits and the orders directing defendant's fingerprinting and arrest were introduced in evidence. The arresting officer testified that pursuant to the arrest warrant he took the boy into custody and had the fingerprints made. No other evidence relating to the matter was introduced.

In denying the motion the court said only:

"* * * We discussed informally in chambers the motion to suppress. [We note that what transpired in chambers is not a part of the record.]

"* * * * * *

"* * * And the record will show that as indicated earlier [apparently referring to what transpired in chambers] that the motion will be denied."

■ It is clear that the defendant was taken into custody only pursuant to the warrant of arrest and that he was fingerprinted pursuant to the order authorizing that act while he was in custody resulting from that arrest, as required by ORS 419.585.

Oregon Constitution, Art. I, § 9, states:

"No law shall violate the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable search, or seizure; and no warrant shall issue but upon probable cause, supported by oath, or affirmation, and particularly describing the place to be searched, and the person or thing to be seized."

This provision obviously is based upon the Fourth Amendment. The defendant contends and the state does not dispute that both apply to arrest and to search warrants. The Oregon Supreme Court in *State v. Flynn*, 137 Or 8, 299 P 694, 300 P 1024 (1931), a case involving a search warrant, considered Oregon Constitution, Art I, § 9, at length, and said:

"* * * The writer can conceive of no sound reason for holding that greater strictness is required in an affidavit for the issuance of a search warrant than for issuance of a warrant charging the commission of a crime." 137 Or at 20.

In *Giordenello v. United States*, 357 US 480, 78 S Ct 1245, 2 L Ed 2d 1503 (1958), an arrest warrant case, the Supreme Court said:

> "* * * The language of the Fourth Amendment, that '. . . no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing . . . the persons or things to be seized,' of course applies to arrest as well as search warrants. * * *" 357 US at 485-86.

In *State v. Dunavant*, 250 Or 570, 444 P2d 1 (1968), the Oregon Supreme Court in a search warrant case said:

> "In holding a complaint insufficient to give validity to an arrest warrant, the United States Supreme Court in the *Giordenello* case said of the complaint:
>
> > "'* * * [I]t contains no affirmative allegation that the affiant spoke with personal knowledge of the matters contained therein; it does not indicate any sources for the complainant's belief; and it does not set forth any other sufficient basis upon which a finding of probable cause could be made * * *.' 357 US at 486.
>
> "The same deficiencies were found in an arrest[O] warrant affidavit in *Aguilar v. Texas,* supra, and the court quoted with approval the above language as applicable to a state search and seizure case." 250 Or at 578-79.

---

[O] Our research indicates that Aguilar v. Texas, 378 US 108, 84 S Ct 1509, 12 L Ed 2d 723 (1964), unlike Giordenello v. United States, 357 US 480, 78 S Ct 1245, 2 L Ed 2d 1503 (1958), was a search warrant, not an arrest warrant, case.

Most recently, the Supreme Court of the United States in *Whiteley v. Warden*, said:

"The decisions of this Court concerning Fourth Amendment probable-cause requirements before a warrant for either arrest or search can issue require that the judicial officer issuing such a warrant be supplied with sufficient information to support an independent judgment that probable cause exists for the warrant. * * *" 401 US 560, 564, 91 S Ct 1031, 28 L Ed 2d 306 (1971).

Furthermore, ORS 133.110 provides:

"If the magistrate is satisfied that the crime complained of has been committed and that there is probable cause to believe that the person charged has committed it, he shall issue a warrant of arrest. * * *"

Manifestly that section compels the conclusion that the legislature did not intend that a magistrate issue a warrant solely because a criminal complaint has been filed. Had it so intended, it would have said simply that upon the filing of a criminal complaint, an arrest warrant should issue.

A recent article in 6 Will L J 431 (1970), entitled *Giordenello to Sesslin to Us: Arrest Warrants in Oregon*, by Laurance C. Harmon, discusses the matter at length and concludes at 445:

"Is a complaint which states only the language of the statute allegedly violated sufficient to support an arrest warrant? Abundant authority, as well as the Oregon Constitution and ORS 133.110, compels the conclusion that it is not."[2]

---

[2] See also, Oregon State Bar Juvenile Law Handbook § 3.3 (1970), discussing the question:

"Query: Does the U.S. Constitution, 4th Amendment re-

Thus we hold that the mere filing of a criminal complaint or of a petition in the juvenile court charging an act which if committed by an adult would constitute a crime does not ipso facto solo constitute the probable cause for the issuance of a warrant of arrest required by Oregon Constitution, Art I, § 9; and ORS 133.110.

■ We now turn to the sufficiency of the evidence before the court to support the issuance of the warrant. Obviously a complaint or, in the juvenile court, a petition, being under oath, is entitled to be considered. The petition here is a printed form upon which certain added material is typed, and states in its relevant portions:

"2. The child is within the jurisdiction of the Court by reason of the following facts:

"The above-named child has committed an act which is a violation of the law, or which if done by an adult would constitute a violation of the law, of the State of Oregon; to wit:

"GRAND LARCENY, committed as follows: On or about the 10th day of July, 1969 in the County of Multnomah, State of Oregon, Lynn Redeman did unlawfully and feloniously take, steal and carry away certain personal property, to wit: a Corvett [sic] Stingray, 1966 Chevrolet, License Number, Oregon, Key 658 of the value of more than $75.00 and being the personal property of Ronald F. Jennings.

"* * * * *

---

quirement that an arrest be based upon 'probable cause' apply to a child taken into custody and held in detention pursuant to ORS 419.569?"

"STATE OF OREGON )
  Multnomah County ) ss.

"I, Gilbert E. Chipman, being first duly sworn, on oath, depose and say that I am the petitioner in the above-entitled proceeding, that I have read the foregoing petition, know the contents thereof and the same is true (as I am informed and believe) * * *. [We note that the following alternative language printed on the form is X'd out: "according to my personal knowledge."]

"/s/  Gilbert E. Chipman
      Petitioner"

Thus the petition states that the complainant is acting upon information and belief, not from personal knowledge.

Nothing is stated concerning the source of that belief, let alone its reliability. Standing alone it is clearly insufficient to establish probable cause. *State v. Dinney,* 1 Or App 473, 462 P2d 698 (1969), Sup Ct *review denied* (1970); *State v. Dunavant,* supra.

The affidavit for the warrant of arrest states:
"* * * * *

"I, GILBERT CHIPMAN, being first duly sworn on oath depose and say:
"1.  I am Detective of the Portland Police Department.
"2.  The presence of Lynn Redeman is necessary as a party for a hearing in the above-entitled proceeding.
"3.  Summons will be ineffectual to bring the above-named Lynn Redeman before the Court for the following reason:
"* * * * *
"(x)  Summons will be ineffectual to compel the

presence of the above-named Lynn Redeman for the reason that:

> "The above-named minor child is suspected of stealing a 1966 Corvette automobile. I have signed a petition against him alleging grand larceny.
>
> "* * * * *."

The affidavit adds nothing to the matter contained in the petition. The state does not contest this but relies on the further affidavit requesting an order allowing the fingerprinting of the defendant filed on the same day to furnish probable cause. The following affidavit was filed:

> "* * * * *
>
> "I, WILLIAM F. SCHULTE, being first duly sworn, on oath do depose and say that:
>
> "1. I am a Deputy District Attorney and am presently assigned to the Multnomah County Juvenile Court and Donald E. Long Home.
>
> "2. A petition is on file alleging that the above-named child committed a grand larceny. *The evidence consists partially of statements from accomplices.*
>
> "3. Fingerprints have been found on the car. This child's prints are needed to compare with those found on this car and others found at the scene and on articles of property from other crimes which this child is suspected of having committed.
>
> "4. This affidavit is written in support of a motion being filed by myself moving the court for an order allowing fingerprints of the above-named minor to be taken.
>
> "* * * * *." (Emphasis supplied.)

The state in its brief vigorously asserts that the affidavit of the deputy district attorney "plainly indicates that statements of accomplices had implicated defendant in the crime alleged in the petition." We agree.

The problem presented, then, is whether or not a warrant based on an affidavit which, in connecting the defendant with the crime charged, relies solely on informants identified only as "accomplices," meets the "probable cause" standard required by ORS 133.110; Oregon Constitution, Art I, § 9, and the Fourth Amendment. The state refers us only to *People v. Solomon,* 1 Cal App 3d 907, 82 Cal Rptr 215 (1969), in support of that proposition. That case held that no Fourth Amendment right is violated "when the police took samples of his fingerprints during a judicially authorized detention." In *Solomon* the challenged fingerprints were taken "at the jail after he had been bound over for trial at a preliminary hearing and arraigned," and thus were considered validly taken. The question here, on the other hand, is whether the detention during which the fingerprints were taken was validly authorized. The case is not in point.

We note that the affidavit affords no clue to the identity or reliability of the accomplices, nor does it indicate anything concerning the circumstances under which they implicated the defendant. Equally important, perhaps, it contains nothing from which it can be determined whether accomplices furnished the information directly to the affiant or through a third and unidentified person, who in turn either directly or through others relayed it to the affiant. See *State*

*v. Dinney*, supra. The only factual allegation relating to the defendant before the magistrate was: "The evidence consists partially of statements from accomplices."

It has been repeatedly held that a warrant's validity must be determined solely from the sworn information presented to the magistrate at the time the warrant is issued.[®] *State v. Dinney*, supra; *Aguilar v. Texas*, 378 US 108, 84 S Ct 1509, 12 L Ed 2d 723 (1964).

We are therefore not here concerned with whether implication of a defendant by an accomplice together with other independent corroborating evidence is sufficient to support the issuance of a search or arrest warrant, or a search or an arrest conducted without a warrant. The rule is clear that such is valid.[⊛]

In *Pulido v. United States*, 425 F2d 1391 (9th Cir 1970), the court considered a case where an arrest was made solely on the implication of an accomplice. A search of the defendant at the time of his arrest re-

---

[®] In a footnote in Whiteley v. Warden, 401 US 560, 91 S Ct 1031, 28 L Ed 2d 306 (1971), the Supreme Court said:

"* * * Under the cases of this Court, an otherwise insufficient affidavit cannot be rehabilitated by testimony concerning information possessed by the affiant when he sought the warrant but not disclosed to the issuing magistrate. See *Aguilar v. Texas*, 378 U. S. 108, 109 n. 1. A contrary rule would, of course, render the warrant requirements of the Fourth Amendment meaningless." 401 US at 565.

[⊛] Gilbert v. United States, 366 F2d 923 (9th Cir 1966), *cert denied* 388 US 922 (1967), 393 US 985 (1968) (search without a warrant); Gabriel v. United States, 366 F2d 726 (9th Cir 1966) (arrest with a warrant); Rocha v. United States, 387 F2d 1019 (9th Cir 1967), *cert denied* 390 US 1004 (1968) (arrest without a warrant); Louie v. United States, 426 F2d 1398 (9th Cir 1970) (arrest without a warrant).

vealed incriminating evidence. The court reversed and said:

> "* * * Whether the warrantless search was valid depends upon whether the federal agents had probable cause to arrest Pulido. The record shows that Pulido's arrest was based on Collins' statement. Collins, however, was not adequately shown to be a reliable informant. Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed. 2d 637; Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723; Castillon v. United States, 9th Cir., 298 F.2d 256. There was no independent investigation as occurred in Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327. * * *" 425 F2d at 1395.

In *Gatlin v. United States*, 326 F2d 666 (DC 1963), the court said:

> "Miller's arrest was likewise without probable cause, being based solely on information obtained from an accomplice whose reliability is neither alleged nor established. The facts with reference to Miller are remarkably close to those in Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). There two accomplices involved a third in a common narcotic violation and brought the officers to the home of the third party where he was arrested. The Ninth Circuit declared the arrest illegal, being without probable cause. Wong Sun v. United States, 9 Cir., 288 F.2d 366, 370 (1961). The Supreme Court found 'no occasion to disagree.' Wong Sun v. United States, *supra*, 371 U.S. at 491, 83 S.Ct. at 419, 9 L.Ed.2d 441. * * *" 326 F2d at 671-72.

Accordingly, we conclude that the affidavit in the instant case does not meet the test of ORS 133.110. Since the record is otherwise devoid of any evidence before the magistrate at the time the warrant was issued relating to identification or reliability of the accomplices or to independent corroboration of any

fact directly or indirectly implicating the defendant, it follows that the motion to suppress the fingerprints of the defendant taken during his detention pursuant to an unlawful arrest should have been allowed.

■ In the view we have taken of this case, we need not decide the other assignments of error. We note, however, that one challenges the failure to include anywhere in the record of this case a certified copy of the order of remand, conceded during oral argument to have been duly entered in the juvenile court. We think the better practice would be to do so.

Reversed and remanded for a new trial.

### ON PETITION FOR REHEARING

Thomas H. Denney, Assistant Attorney General, Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem, for petition.

No appearance contra.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

FORT, J., on petition for rehearing.

Respondent's petition for rehearing, though conceding that the affidavits here presented to the juvenile court were insufficient to support the issuance of the warrant of arrest, asserts:

"* * * [T]he Court's opinion appears to go beyond merely holding the affidavit badly pleaded.

It suggests, if it does not hold, that a proper affidavit could not be written under the circumstances of this case in any event, because the uncorroborated testimony of an accomplice can never be sufficient to constitute probable cause. * * *"

The opinion does not so hold, and no such implication was intended.

Petition for rehearing is denied.