Argued and submitted November 2, 1992, reversed and remanded for new trial
July 7, 1993, reconsideration denied January 12, petition for review pending 1994

STATE OF OREGON,
*Respondent,*

*v.*

VICKI LYNN BURTON,
*Appellant.*

(91-01-5162-C1; CA A71645 (Control))

STATE OF OREGON,
*Respondent,*

*v.*

THOMAS E. CUNNINGHAM,
*Appellant.*

(91-01-5162-C1; CA A71646)
(Cases Consolidated)

855 P2d 1124

Harry T. Carp, Eugene, argued the cause for appellants. With him on the brief was Chez & Carp, Eugene.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Chief Judge, and Deits and Durham, Judges.

DEITS, J.

**DEITS, J.**

Defendants appeal their convictions for possession and manufacture of a controlled substance, methamphetamine. ORS 475.992. We reverse and remand.

■ On October 12, 1990, Malheur County Sheriff's officers executed a warrant to search defendants' home. They found evidence resulting in the charges at issue. Defendants were charged with two counts of possession and two counts of manufacture of a controlled substance. Counts 1 and 3 of the indictment alleged that defendants manufactured and possessed methamphetamine as part of "a drug cultivation, manufacture or delivery scheme or network." The "scheme or network" language was held unconstitutionally vague in *State v. Moeller*, 105 Or App 434, 806 P2d 130, *rev dismissed* 312 Or 76 (1991). Defendants demurred to Counts 1 and 3, and the trial court granted the motion, striking those counts from the indictment and renumbering the remaining counts. Defendants then moved to suppress the evidence seized in the search, alleging that the supporting affidavit was insufficient. The trial court denied the motion.

Defendants first contend that the trial court erred in only striking Counts 1 and 3 from the indictment, instead of allowing the demurrer to the whole indictment and having the entire case sent back to the grand jury. We have held that a demurrer successfully invalidating some of the charges in an indictment does not invalidate the otherwise lawful remaining charges. *State v. Coven*, 115 Or App 538, 540, 839 P2d 261 (1992). Here, Counts 1 and 3 were struck as invalid. However, the remaining two counts did not contain the "scheme or network" language, and the trial court properly allowed those counts to stand.

■■ Defendants next contend that the trial court erred in denying their motions to suppress. The affidavit and the warrant identified the address of defendants' residence as "421 Douglas Road" and gave a physical description of the house. There was also an attachment to the warrant, which had two photographs of defendants' residence and a caption that originally stated "421 Douglas Rd." The affidavit and the warrant incorporated the attachment by reference. The morning before the warrant was executed, the prosecutor and

one of the investigating officers contacted the magistrate and advised him that defendant's correct address was "429" rather than "421," as was stated in the warrant and the affidavit. They asked the magistrate to correct the warrant and he did so, also correcting the caption of the attachment.

Defendants argue that it was improper for the magistrate to correct the house number on the warrant, because the information that he was given regarding the mistake was unsworn. They further contend that, without the proper house number, the warrant does not provide an adequate description of the place to be searched. ORS 133.545;[1] ORS 133.565;[2] Or Const, Art I, § 9.[3]

■ Unsworn testimony may not be considered by a magistrate in deciding whether there is probable cause to support the issuance of a warrant. *State v. Dinney*, 1 Or App 473, 462 P2d 698 (1970). Here, there is no evidence in the record to show whether the information that the magistrate was given regarding the correction of the house number was sworn. Accordingly, we must assume it was not and hold that it should not have been considered or incorporated into the warrant.

The state argues that, even assuming the correction had not been made, the warrant provided a sufficient description of the property to be searched. The state contends that an

---

[1] ORS 133.545 provides, in part:

"(4) The application shall consist of a proposed warrant in conformance with ORS 133.565, and shall be supported by one or more affidavits particularly setting forth the facts and circumstances tending to show that the objects of the search are in the places, or in the possession of the individuals, to be searched."

[2] ORS 133.565 provides, in part:

"(1) A search warrant shall be dated and shall be addressed to and authorize its execution by an officer authorized by law to execute search warrants.

"(2) The warrant shall state, or describe with particularity:

"(\* \* \* \* \*

"(b) The \* \* \* location and designation of the premises or places to be searched[.]"

[3] Article I, section 9 provides:

"No law shall violate the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable search, or seizure; and no warrant shall issue but upon probable cause, supported by oath, or affirmation, and particularly describing the place to be searched, and the person or thing to be seized."

officer could reasonably have located the proper house, given the photographs attached to the warrant and the physical description included in the warrant. *State v. Davis*, 106 Or App 546, 550, 809 P2d 125 (1991), involved similar circumstances. In *Davis*, we held that a warrant authorizing a search of "1837 S.E. Main Street" could not authorize a search of the house at "1877 S.E. Main Street," despite the fact that the warrant contained a physical description of the house to be searched. 106 Or App 550. *See State v. Devine*, 307 Or 341, 768 P2d 913 (1989). Here, the address in the warrant was incorrect. Although the warrant referred to the attachment with the photographs, the attachment also had the wrong address. The physical description and picture of the house were not remarkable, *see State v. Blackburn/Barber*, 266 Or 28, 511 P2d 381 (1973), and the description refers again to the incorrect house number "on a post next to the mailbox." We conclude that, in view of the incorrect house number in the warrant and the attachments, the warrant did not authorize a search of defendants' residence. Accordingly, the trial court erred in denying defendants' motions to suppress.

Reversed and remanded for new trial.