[No. G029364. Fourth Dist., Div. Three. July 25, 2002.]

ANTHONY GLENN VIRGLE, Petitioner, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

COUNSEL

Carl C. Holmes, Public Defender, Deborah A. Kwast, Chief Deputy Public Defender, Kevin Phillips, Assistant Public Defender and Donald E. Landis, Jr., Deputy Public Defender, for Petitioner.

No appearance for Respondent.

Tony Rackauckas, District Attorney, Meldie M. Malone and Brian N. Gurwitz, Deputy District Attorneys, for Real Party in Interest.

OPINION

**RYLAARSDAM, J.**—A defendant who is detained pursuant to a lawful arrest may be ordered to provide a fingerprint exemplar. There is no requirement for a separate probable cause determination before such an order may be made.

The magistrate compelled petitioner Anthony Glenn Virgle to provide a fingerprint exemplar during his preliminary hearing. Identity was a key issue and, without the exemplar, the prosecution was unable to lay an adequate foundation to show that the Anthony Glenn Virgle, whose prints were displayed on a "known print card" and whose prints matched the latent print

left at the scene of the crime, was the same person as the Anthony Glenn Virgle who was present in court.

Petitioner moved to set aside the information pursuant to Penal Code section 995 contending the magistrate erred in ordering him to provide a fingerprint exemplar. The superior court denied the motion. Petitioner now seeks a writ of mandate to compel the court to grant his motion. He contends the magistrate violated his rights under the Fourth Amendment of the United States Constitution by failing to make a probable cause determination before ordering him to provide the print exemplar. Because the fingerprints were obtained illegally, he argues, they should not have been used as evidence during the preliminary hearing, and, in the absence of such evidence, there was no probable cause to bind him over for trial.

We issued a stay of the trial and an order to show cause why the petition should not be granted. ■ The district attorney argues the magistrate was not required to first make a probable cause determination before ordering petitioner to provide a fingerprint exemplar. We agree, based on the record supplied, and deny the petition.

A person may not be involuntarily detained for the purpose of obtaining a fingerprint exemplar unless a judicial officer authorized the detention or it is supported by probable cause to arrest. (*Davis v. Mississippi* (1969) 394 U.S. 721, 727-728 [89 S.Ct. 1394, 1397-1398, 22 L.Ed.2d 676].) In *Hayes v. Florida* (1985) 470 U.S. 811 [105 S.Ct. 1643, 84 L.Ed.2d 705], the Supreme Court noted that "the Fourth Amendment would permit seizures for the purpose of fingerprinting, if there is reasonable suspicion that the suspect has committed a criminal act, if there is a reasonable basis for believing that fingerprinting will establish or negate the suspect's connection with that crime, and if the procedure is carried out with dispatch. [Citation.]" (*Id.* at p. 817 [105 S.Ct. at p. 1647].) In dicta, the court further stated that, depending on the circumstances, "the Fourth Amendment might permit the judiciary to authorize the seizure of a person on less than probable cause . . . ." (*Ibid.*) But where fingerprint evidence was obtained during an illegal detention, it must be suppressed as the fruit of an illegal seizure. (*Davis v. Mississippi, supra,* 394 U.S. at p. 724 [89 S.Ct. at p. 1396].)

Three California cases discuss the Fourth Amendment requirements for taking fingerprint exemplars without consent. (*People v. Rosales* (1984) 153 Cal.App.3d 353 [200 Cal.Rptr. 310]; *Fogg v. Superior Court* (1971) 21 Cal.App.3d 1 [98 Cal.Rptr. 273]; *People v. Solomon* (1969) 1 Cal.App.3d 907 [82 Cal.Rptr. 215].) In each of them, the defendant was subjected to an illegal arrest. In the latter two cases, the courts determined that, despite the

illegality of the arrests, the defendants' Fourth Amendment rights were not violated by taking their fingerprints because their detentions were judicially authorized at the time the prints were taken. (See *People v. Solomon, supra,* 1 Cal.App.3d at p. 910 [defendant had been bound over for trial before he was fingerprinted]; *Fogg v. Superior Court, supra,* 21 Cal.App.3d at pp. 7-8 [defendant was in custody on another conviction].) In contrast, the *Rosales* court concluded it was error to order an unlawfully arrested defendant to provide a fingerprint exemplar without first determining if probable cause existed to believe he committed the charged offense. (*People v. Rosales, supra,* 153 Cal.App.3d at pp. 365-366.)

Here, petitioner does not contend that his arrest and subsequent detention were illegal. Nor could he reasonably make such a contention. The detention was justified because the print found at the scene of the crime matched a print on the "known print card." The prosecutor's inability to lay a proper foundation without the exemplar did not render petitioner's detention illegal. Absent a showing petitioner's arrest and resulting detention were illegal, the magistrate did not violate petitioner's Fourth Amendment rights by ordering him to provide a fingerprint exemplar.

### DISPOSITION

The petition is denied. The order staying petitioner's trial is dissolved.

Bedsworth, J., and O'Leary, J., concurred.

Petitioner's petition for review by the Supreme Court was denied September 25, 2002.