442 P.2d 601

STATE of New Mexico, Plaintiff-Appellee,

v.

Johnny SEDILLO, and Monroy Silva, Defendants-Appellants.

No. 123.

Court of Appeals of New Mexico.

May 31, 1968.

Rehearing Denied June 11, 1968.

Thomas B. Forbis, James M. H. Cullender, W. J. Schnedar, Roswell, for appellants.

Boston E. Witt, Atty. Gen., Gary O'-Dowd, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

ARMIJO, Judge.

Defendants, Johnny Sedillo and Monroy Silva, appeal from the judgment and sentence entered following their conviction by a jury on the charges of burglary and larceny. Another defendant, Henry Pineda, failed to perfect his appeal.

The following facts were brought out at trial: On March 17, 1967, at approximately 2:00 p. m., a burglary was committed in which clothing and other articles were stolen from a storeroom in a department store in Roswell. During the time the crimes were being committed, a young man was seen carrying clothing out of the store and placing the items in a vehicle under suspicious circumstances. Witnesses observed this vehicle with several occupants leaving the scene. This information was relayed to the police together with a description of the vehicle. Officer Carlos Barela, less than an hour before had observed appellants in company with others riding in an automobile similar in description to the one used during the commission of the crimes. This information was then relayed by radio to other officers who in turn proceeded immediately to the residence of Senida Sedillo, the mother of one of the appellants. In the alley behind the main residence, the vehicle previously described was found blocking the alley with a door open and upon investigation, the officers found numerous footprints leading from the vehicle to a small house next to the alley and behind the main Sedillo residence. Through a window facing the alley, the officers observed appellants and Pineda inside the small house, fumbling with something under the sheets of a bed. Appellants and Pineda then came out of the small house and were proceeding towards the parked car in the alley and on seeing the officers, suddenly changed their course and headed for and entered the main residence. In a matter of minutes, Officer Barela arrived at the Sedillo residence and arrested appellants pursuant to warrants which had been issued by a justice of the peace. A search warrant was also obtained at the same time the other warrants were issued. The arrests were made in front of the main residence and immediately thereafter the officers, together with the appellants, proceeded to the small house behind the main residence where the stolen articles were found.

No issue is raised on the lawfulness of the arrest warrants by which appellants were taken into custody. Appellants' claim of error is based on their assertion that the evidence was obtained by virtue of a search warrant, which the appellants claim was invalid; that the trial court erred in denying their motions to suppress the evidence made before and during the trial, and that appellants were convicted by the use of illegally obtained evidence. Numerous reasons are advanced as a basis for the claim that the search warrant was void.

Since we conclude that the trial court's ruling on the admissibility of the evidence was correct and amply justified on other grounds, we do not consider the asserted invalidity of the search warrant.

Fortified with the premise that the arrests were lawful we then proceed to determine if the search made incident thereto was reasonable.

■ It is well established that a search and seizure is constitutionally lawful under either of three instances, as announced in People v. Parisi, 42 Misc.2d 607, 249 N.Y.S. 2d 493 (1964):

"'A search is reasonable if conducted pursuant to a legal search warrant, by consent, or incident to a lawful arrest.'"

See also Stone v. United States, 385 F.2d 713 (10th Cir. 1967); Harris v. United States, 331 U.S. 145, 67 S.Ct. 1098, 91 L.Ed. 1399 (1947).

■ Strong emphasis is placed by the appellants on the officers' testimony that the search was made incident to the search warrant. This emphasis implies that officers conducting a search must elect the legal basis for the search at the time the search is made. Such is not the case. Where a search

is sought to be justified on either of two grounds and the search is lawful under one of the asserted grounds, the search does not become unlawful because not sustainable under the other asserted ground. People v. Parisi, supra. A search and seizure is permissible when made contemporaneous with the arrest, and the constitution does not prohibit a search of the arrested person's premises for evidence related to the crime, under appropriate circumstances. Harris v. United States, supra; Agnello v. United States, 269 U.S. 20, 46 S.Ct. 4, 70 L.Ed. 145 (1925) and State v. Deltenre, 77 N.M. 497, 424 P.2d 782 (1966). The reasonableness of the search depends on the facts and circumstances of each case. United States v. Rabinowitz, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653 (1950), and Hopper v. United States, 267 F.2d 904 (9th Cir. 1959). The officers had ample information to support a belief the fruits of the crime were within the small house. The search was contemporaneous with the arrest and was conducted in such a manner as to negate unreasonableness.

The argument is also made by the appellants that the small house at the rear of the main residence was not proximate enough for the application of the accepted rule of search and seizure of the fruits of a crime in plain sight or under the appellants' immediate control. As was noted before, the appellants in the present case obviously had unrestricted use and access both to the main residence and to the small house. They were seen inside the latter the first time and immediately thereafter, were seen entering the other. This apparent unrestricted use stands as sufficient support for the conclusion that the premises, including both houses, were under the control of appellants to the extent necessary to justify a search of the small house. From the record, it appears that the search was confined to the small house, which corroborates the reasonableness of the search.

In State v. Herring, 77 N.M. 232, 421 P.2d 767 (1966), our Supreme Court was called on to consider the lawfulness of a search and seizure of evidence incidental to a lawful arrest and quoted with approval the rule from Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964):

> "'* * * This right to search and seize without a search warrant extends to things under the accused's immediate control, * * * and, to an extent depending upon the circumstances of the case, to the place where he is arrested, * * *'"

See State v. Delentre, supra.

That the officers had sufficient basis for probable cause to believe appellants committed the crimes is amply supported by the events leading to their arrest. The evidence in this case was obtained as a result of a search and seizure incidental to a lawful arrest. The place from which the evidence was obtained as well as the location of the structure searched, when considered with the other circumstances of this case, places the search and seizure of the fruits of the crime within the bounds of reasonableness. People v. Woods, 239 Cal. App.2d 697, 49 Cal.Rptr. 266 (1966), cert. denied 385 U.S. 950, 87 S.Ct. 325, 17 L.Ed. 2d 228 and People v. Rodriguez, 238 Cal. App.2d 682, 48 Cal.Rptr. 117 (1965).

The judgment is affirmed.

It is so ordered.

SPIESS, C. J., and WOOD, J., concur.