Argued June 5, reversed and remanded July 24, 1968

## STATE OF OREGON, *Respondent, v.* LORANCE URBAN DUNAVANT, *Appellant.*

444 P. 2d 1

*Oscar D. Howlett,* Portland, argued the cause and filed the briefs for appellant.

*Jacob B. Tanzer,* Assistant Chief Deputy District Attorney, Portland, argued the cause for respondent. With him on the brief was George Van Hoomissen, District Attorney, Portland.

Before PERRY, Chief Justice, and McALLISTER, O'CONNELL, DENECKE and RODMAN, Justices.

RODMAN, J. (Pro Tempore).

The defendant appeals his burglary conviction on the grounds that the trial court erred in denying his motion to suppress certain evidence seized pursuant to a search warrant and in receiving it in evidence at his trial. The substantial question in this case is whether the magistrate had probable cause to issue a search warrant based on the following affidavit presented to him.

"I, John J. Skoko, Being first duly sworn, on oath, depose and say,

"That I am a Detective for the City of Portland Police Department assigned to the Burglary Detail.

"That on February 28, 1966, the residence of Marvin A. Smith located at 8009 S.E. 39th Avenue,

Portland, Multnomah County, Oregon, was burglarized and the following property was taken:

"1. Four (4) books of S. & H. Green Stamps bearing Marvin A. Smith's name and address

"2. Approx. $75.00 in U. S. coin to include the following:
   a. One 1903 penny
   b. One 1903 nickel
   c. One 1905 penny
   d. One 1905 nickel
   e. One 1844 large penny
   f. One Booker T. Washington half dollar

"That on March 2, 1966, Lawrence Urban Dunavant, alias Larry Smith, accompanied by a female whose name is unknown, went to the S. & H. Green Stamp Redemption store, Eastport Plaza Branch, and redeemed 20 and 3/4. S. & H. green stamp books. Included among these books was one bearing the name and address of Marvin A. Smith which was taken during the above mentioned burglary.

"That said Lawrence Urban Smith resides in Apt. A, 5604 S. E. Duke, Portland, Multnomah County, Oregon, and I farther [sic] depose and say that I have good reasons to believe the above mentioned and described property is concealed in the premises of the said Lawrence Urban Dunavant alias Larry Smith, situated at Apt. A, 5604 S. E. Duke, Portland, Multnomah County, Oregon in the City of Portland, said County and State, I therefore pray the above entitled Court to issue a SEARCH WARRANT to examine the premises above described and specified and search for the above described property.

/s/    John J. Skoko
            Informant."

■■ The determination of probable cause for issuance of a search warrant is the function of the issuing magistrate. Our role is to assure that minimum state

and federal constitutional criteria have been met by the magistrate in the finding of probable cause. *Jones v. United States,* 362 US 257, 80 S Ct 725, 4 L ed 2d 697 (1960).

This court may consider only the information brought to the magistrate's attention. Just as a search and seizure cannot be justified by its fruits, a warrant cannot be justified by facts known to the affiant but not found in his affidavit. *Aguilar v. Texas,* 378 US 108, 84 S Ct 1509, 12 L ed 2d 723 (1964); *Giordenello v. United States,* 357 US 480, 78 S Ct 1245, 2 Led 2d 1503 (1958); ORS 141.030.

Since *Mapp v. Ohio,* 367 US 643, 81 S Ct 1684, 6 L ed 2d 1081 (1961), the United States constitutional prohibition against the use of illegally seized evidence has been enforceable against the states, and in *Ker v. California,* 374 US 23, 83 S Ct 1623, 10 L ed 2d 726 (1963), the Supreme Court of the United States held that the standard of reasonableness is the same under the Fourth and Fourteenth Amendments. Likewise, the standards for obtaining a search warrant are the same under the Fourth and Fourteenth Amendments. *Aguilar v. Texas,* supra.

*Rosencranz v. United States,* 356 F2d 310 (First Cir 1966), contains a concise statement of those standards for determining the probable cause:

"* * * The policy is to encourage officers of the law to seek to the fullest extent feasible the objective judgment of a magistrate on the probability that a crime is being committed before permitting entry on the property of private citizens.
"* * * * *

"This policy, in the interests of the civil liberties of all the people protected by the Fourth Amendment, is bulwarked by rather precise supporting

guidelines, which may bear heavily on individual defendants. These guidelines include the following: evidence need be only so much as to persuade a man of reasonable caution to believe a crime is being committed, Brinegar v. United States, 1949, 338 U.S. 160, 175-176, 69 S.Ct. 1302, 93 L.Ed. 1879; Carroll v. United States, 1925, 267 U.S. 132, 162, 45 S. Ct. 280, 69 L.Ed. 543; the finding of 'probable cause', while demanding more than mere suspicion, Draper v. United States, 1959, 358 U.S. 307, 311-312, 79 S.Ct. 329, 3 L.Ed.2d 327, requires less evidence than would justify conviction, Locke v. United States, 1813, 7 Cranch 339, 348, 3 L.Ed. 364, and less than would justify an officer in making a search without a warrant, Johnson v. United States, supra, 333 U.S. at 13, 68 S.Ct. 367; the evidence itself need not be legally competent in a criminal trial, Draper v. United States, supra, 358 U.S. at 311, 79 S.Ct. 329, and may in fact be hearsay, Jones v. United States, supra, 362 U.S. at 272, 80 S.Ct. 725, so long as the magistrate is informed of some underlying circumstances supporting the affiant's conclusion and his belief that any informant involved was credible or his information reliable, Aguilar v. State of Texas, 378 U.S. 108, 114, 84 S.Ct. 1509, 12 L.Ed.2d 723; the commissioner is entitled to draw reasonable inferences from the facts contained in the affidavit based on his experience in such matters, Irby v. United States, 1963, 114 U.S. App.D.C. 246, 314 F.2d 251, 253, cert. denied, 374 U.S. 842, 83 S.Ct. 1900, 10 L.Ed.2d 1064, while only the information in the affidavit is relevant in reviewing the magistrate's judicial action issuing a warrant, United States v. Casino, 2 Cir., 1923, 286 F. 976, such an affidavit must be tested with a commonsense, nontechnical, ungrudging, and positive attitude, United States v. Ventresca, 1965, 380 U.S. 102, 108-109, 85 S.Ct. 741, 13 L.Ed.2d 684; and, finally, the commissioner's finding 'is itself a substantial factor', United States v. Ramirez, 1960, 2 Cir., 279 F.2d 712, 716, cert. denied, 364 U.S. 850, 81 S.Ct. 95, 5 L.Ed.2d 74, and in marginal cases,

where there is doubt whether an affidavit demonstrates the existence of probable cause, the resolution should be 'largely determined by the preference to be accorded to warrants', United States v. Ventresca, supra, 380 U.S. at 109, 85 S.Ct. at 746." 356 F2d at 313-314.

■ Applying those standards to the case at bar we are of the opinion that the affidavit is fatally defective. The most serious shortcoming is that a vital allegation is hearsay from an anonymous source, unsupported either by other facts that would make it creditable, or by a statement from the affiant that he has reason to believe the source to be reliable.

That allegation is:

"That on March 2, 1966, Lawrence Urban Dunavant, alias Larry Smith, accompanied by a female whose name is unknown, went to the S. & H. Green Stamp Redemption store, Eastport Plaza Branch, and redeemed 20 and 3/4 S. & H. green stamp books. Included among these books was one bearing the name and address of Marvin A. Smith which was taken during the above mentioned burglary."

The state does not claim that this was an observation of the affiant or that a reading of the entire affidavit would reasonably support the conclusion that it was the personal observation of the affiant; and, in any event, we are not permitted to presume the affidavit was made on the personal knowledge of the officer. *Giordenello v. United States,* supra. Rather, the state asks us to assume that the officer received the information from an employee of the S & H Green Stamp Redemption Center, and that such a person would be reliable in reporting a matter connected with his employment. The evidence adduced at the hearing on the motion to suppress revealed that it was, in

fact; the manager of the redemption center who informed the police, but this was not made known to the magistrate and cannot be considered by us.

The defendant's possession of stolen property at the redemption center is the only link between him and the burglary and the only allegation that could give rise to a belief that stolen property was present at his residence. Without this, the affidavit and the resulting warrant must fail.

■ The rule that a search warrant affidavit may be based on hearsay is qualified by the requirement that there be in the affidavit a substantial basis for crediting the hearsay. *Jones v. United States,* supra; *United States v. Ventresca,* 380 US 102, 85 S Ct 741, 13 L ed 2d 684 (1965); *Rugendorf v. United States,* 376 US 528, 84 S Ct 825, 11 L ed 2d 887, reh den., 377 US 940 (1964); *Aguilar v. Texas,* supra; *State v. Tacker,* 241 Or 597, 407 P2d 851, 10 ALR3d 355 (1965).

The affidavit in *Tacker,* supra, bears some similarities to the one now under scrutiny. There the third person informants described the stolen property to the affiant and stated its location in the premises. Police officers in Kelso, Washington, advised the affiant that property of that description had been taken in a Kelso burglary. In the case at bar someone informed the affiant that the defendant had been in possession of certain property; someone advised him that property of that description had been taken in a burglary.

However, there are also substantial and crucial differences:

a. In the *Tacker* affidavit there is mutual corroboration between the informants' report and the Kelso police report, in that each stated that the described property had been taken during a particular

burglary. This is lacking in the Dunavant affidavit: See *Jones v. United States,* supra.

b. The unidentified informants in the *Tacker* case each gave the affiant the same information, thereby furnishing some cross-corroboration of their individual statements. This, too, is lacking in the instant case.

c. The *Tacker* informants stated that they had personally seen the stolen property. In the present case the magistrate could not know whether the person or persons who informed the affiant related their personal observations or only what some third person may have told them.

d. In *Tacker,* the Kelso police report had internal reliability and required no corroboration to establish the facts contained in the report. In *Ventresca,* supra, the court said:

> "* * * Observations of fellow officers of the Government engaged in a common investigation are plainly a reliable basis for a warrant applied for by one of their numbers * * *." 380 US at 111.

We can only speculate here as to the source of the affiant's information. He may have received all of it, some of it, or none of it from fellow police officers.

e. The stolen property in the *Tacker* case was seen by the informants in the residence against which the search warrant was directed. The precise location within the premises was disclosed to the officer swearing to the affidavit. In the affidavit under consideration the only connection between the facts recited and premises to be searched was that the defendant lived there. Further, the affidavit affirmatively showed

that at least part of the stolen property was not in the premises.

f. Finally, while perhaps not as significant as the above, the Dunavant affidavit affirmatively reveals that at least six days before the warrant issued the defendant was actively engaged in disposing of the loot, rendering it less likely that any was present when the magistrate was asked to authorize a search. See Annotation, 100 ALR2d 525, on "Search Warrant: sufficiency of showing as to time of occurrence of facts relied on," as affected by nature of unlawful activity.

*Rugendorf v. United States,* supra, was found to be persuasive authority for this court in upholding the affidavit in *State v. Tacker,* supra. The affidavit in the *Rugendorf* case, however, bears little resemblance to the instant one. There the facts were set out in detail. The affiant, an FBI agent, identified by name each of the FBI agents and police officers who furnished information; all of the confidential informants were described as individuals who had supplied the FBI with reliable information in the past; each fact recited was identified with the policeman or informant who had supplied it.

In holding a complaint insufficient to give validity to an arrest warrant, the United States Supreme Court in the *Giordenello* case said of the complaint:

> "* * * [It] contains no affirmative allegation that the affiant spoke with personal knowledge of the matters contained therein; it does not indicate any sources for the complainant's belief; and it does not set forth any other sufficient basis upon which a finding of probable cause could be made * * *." 357 US at 486.

The same deficiencies were found in an arrest warrant affidavit in *Aguilar v. Texas,* supra, and the court quoted with approval the above language as applicable to a state search and seizure case.

We must make the same finding as to the affidavit in the case at bar. The lower court erred in refusing to suppress and in receiving evidence produced by the search. The judgment is reversed and the case remanded for a new trial.