Argued March 3, reversed April 23, 1969

STATE OF OREGON, *Respondent, v.*
OLLIE HENRY RATER,
*Appellant.*

453 P2d 680

*Gary D. Babcock,* Public Defender, Salem, argued the cause and filed a brief for appellant.

*Gregory E. Milnes,* Chief Deputy District Attorney, Hillsboro, argued the cause for respondent. With him on the brief was Richard Smurthwaite, District Attorney, Hillsboro.

Before PERRY, Chief Justice, and McALLISTER, SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

SLOAN, J.

Defendant was convicted of burglarizing a tavern in Washington county and appeals. The following facts present the issue on appeal:

In the early morning of December 24, 1967, defendant was observed by two patroling Tigard police officers on an overpass on State Highway 217 somewhere near Tigard. When the officers saw defendant at this point and at that time they had no reason to suspect him of any offense or of any misconduct. However, they stopped their patrol car and questioned defendant as to what he was doing there at that time, they inquired of his identity and made radio communication with their headquarters to ascertain if a person of defendant's name or description was wanted for anything. The radio response appears to have been negative. Defendant told them that he was hitchhiking and attempting to find his way to the Salem freeway.

At the time, defendant was carrying a small bag. After some questioning the officers invited defendant into the car for the stated purpose of giving him a ride. After he was in the car there was additional questioning and finally the officers asked defendant what

was in the bag he was carrying. Defendant responded that it was his clothing. The officers asked him if he would open the bag and disclose the contents, which defendant did. When the bag was opened it was found to contain a walkie-talkie radio, a drill and assorted bits, a chisel, a roof axe, a shingle axe, a key-hole saw and some crowbars. Defendant was then arrested for the non-existent crime of the possession of burglary tools. He was taken from the car and his person was searched. His clothing contained a glass cutter, a can of dog repellent and some black gloves. None of the material was contraband.

Defendant was placed in jail. Later it was determined that the tools found in the bag defendant was carrying had been used in the burglary for which he was charged and convicted. When defendant was arrested the officers were not aware that the burglary had been committed.

Prior to trial, defendant moved to suppress the above-described evidence. Several grounds were stated in the motion including that there was no valid arrest at the time the search was made, that defendant had committed no offense and other reasons.

■ After taking the testimony of the officers at a preliminary hearing the trial court denied the motion. In denying the motion it is apparent that the trial court was misled into the belief that defendant had been arrested for the crime of the possession of burglary tools. But in Oregon there is no crime specified for the possession of so-called burglary tools.

■ Consequently, even though defendant may have voluntarily and knowingly opened the bag, there was no justification for seizing the contents. *State v. Elkins*, 1966, 245 Or 279, 422 P2d 250. The items seized

were not contraband and the officers had no right to take the property into their possession. And certainly they had no right to search his person and seize the items found in his clothing. Neither was there any legal cause to detain defendant and confine him in jail.

It is axiomatic that this search without a lawful arrest cannot be sustained. *State v. Chinn,* 1962, 231 Or 259, 373 P2d 392. It follows that the court was led into error in denying the motion to suppress and the cause must be reversed for a new trial.