480 P.2d 174 (1971)
STATE of New Mexico, Plaintiff-Appellee,
v.
Jesse Mitchell WASHINGTON and William Grady Powell, Defendants-Appellants.
No. 512.
Court of Appeals of New Mexico.
January 22, 1971.
Stanley F. Frost, Tucumcari, for appellants.
James A. Maloney, Atty.Gen., Santa Fe, Thomas L. Dunigan, Asst.Atty.Gen., for appellee.

OPINION
HENDLEY, Judge.
Defendants appeal their conviction for unlawful possession of marijuana.
We reverse.
The following events occurred during a trip defendants were making with two friends between New York and California. On January 31, 1970 the State Police set up a road-block on the East side of Tucumcari, New Mexico to check driver's licenses and car registrations. The defendants were stopped in this routine check and, after having produced the requested driver's license and registration, were asked if they were in military service. Defendant Washington admitted being in the Army and claimed to have leave papers but was unable to produce them. The State Police told the defendants that they would have to go to headquarters so that they could verify if defendant Washington had leave papers. Defendants and their two friends complied with the request: one officer took one of the four in his car; the other officer took another in his car; and the remaining two drove their car between the two police cars, to the State Police Headquarters in Tucumcari. Upon their arrival all entered the building and the defendants and their two friends were told to empty the contents of their pockets on a table. One officer testified that this was done to search for weapons. Among the items placed on the table were car keys, money, cigarette papers, and small (approximately 2" × 3") manila envelopes. One of the officers, in going through the items on the table, unfolded the envelopes and looked at and smelled its contents. He immediately identified the contents as marijuana. The police officer testified:
"After we found this marijuana, (referring to the marijuana found in the envelopes) again I asked Mr. Dowe (the driver of the automobile) if he had any marijuana in the car, and he said no. I said, `Well, you don't mind us taking a look then, do you?' And he said, `No, I don't mind,' or words to that effect."
Mr. Dowe and the police officer then went to the car. The search revealed two plastic canisters containing marijuana. They returned to the headquarters and the officer informed the defendants that they were under arrest and read them the Miranda warnings. Defendants read the warnings themselves and signed statements to the effect that they understood their rights. Defendants then executed incriminating statements which described where, when, and from whom they purchased the marijuana. Defendants' attorney moved to suppress all this evidence. The trial court denied the motion and the evidence was admitted.
We assume but do not decide that the search for weapons, as conducted, was permissible. However, once the defendants placed their belongings on the table it was evident that they were not armed. The search, then, was at an end. Since defendants *176 were not under arrest, a search and seizure incident to arrest was not involved. State v. Sedillo, 79 N.M. 289, 442 P.2d 601 (Ct.App. 1968).
We are unable to accept, as a proper basis for a further search, the officer's assertion that the cigarette papers suggested defendants might be marijuana smokers. Opening the envelopes exceeded the permissible scope of the type of search involved. In Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), the court stated:
"* * * A search for weapons in the absence of probable cause to arrest, however, must, like any other search, be strictly circumscribed by the exigencies which justify its initiation. [citations omitted]. Thus it must be limited to that which is necessary for the discovery of weapons which might be used to harm the officer or others nearby, * * *."
The envelopes and their contents were inadmissible in that they were found when the scope of the search was exceeded. The canisters of marijuana are inadmissible by reason of their relationship to the unlawfully discovered marijuana in the envelopes. Silverthone Lumber Co. v. United States, 251 U.S. 385, 40 S.Ct. 182, 64 L.Ed. 319, 24 A.L.R. 1426 (1920); see Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).
Reversed.
It is so ordered.
SPIESS, C.J., and LaFEL E. OMAN, Justice, Supreme Court, concur.
SUTIN, J., not participating.