Argued May 17, affirmed June 17, 1971

STATE OF OREGON, *Appellant, v.* LARRY ALLEN PARKS, Nos. 99010, 99011, 99012, *Respondent.*

STATE OF OREGON, *Appellant, v.* JAMES EARL TARPLEY, JR., No. 99013, *Respondent.*

485 P2d 1246

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

*William E. Flinn,* Eugene, argued the cause for respondent Parks. On the brief were Flinn & Lake, Eugene.

*Evohl F. Malagon,* Eugene, argued the cause for respondent Tarpley. With him on the brief were Coons & Malagon, Eugene.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

LANGTRY, J.

This is an appeal from an order sustaining motions to suppress evidence consisting of a hashish pipe and narcotics taken in a search of a vehicle. The defendants were separately indicted but the facts on which the motions were determined are the same in each case.

A simple, close question is involved. The arresting officer came upon the defendant-occupants of a vehicle in a public parking lot in Eugene at 8:30 a.m. The defendants and their vehicle had a transient appearance. The officer suspected the defendants had violated a city ordinance against using the parking lot for an overnight campground. He asked for identification and registration of the vehicle, which were satisfactorily supplied to him by the defendants. They said that they were waiting to contact a University of Oregon student, whom they named. By radio the officer checked this name with the university registrar and found that no such student had been registered there. The officer looked in the vehicle and on a seat saw a pipe, homemade of brass or copper, with beads attached to it by string. The officer, based on experience, recognized it as a hashish pipe.

From that point on his testimony makes it clear that he would not have allowed the defendants to leave. This was because he expected to find marihuana in the vehicle. He radioed for assistance but before it arrived he took the pipe and vehicle keys into his possession. After assistance arrived the vehicle was searched and narcotics were found therein.

Does the presence of a hashish pipe in a vehicle, coupled with giving an apparent false excuse for a nonresident being in a city, provide cause for arrest for possession of marihuana and a search of the arrestees' vehicle incident to the arrest? The trial court considered the reasons insufficient. Little point was made—and we think properly so—of the false excuse for defendants being in the city.

ORS 133.310 provides that an officer may arrest without a warrant for a crime committed in his presence. In *State v. Jones,* 248 Or 428, 432, 435 P2d 317 (1967), the court stated that mere suspicion, or belief unsupported by facts, are insufficient.

Under cross-examination in the instant case the officer testified that he knew that the kind of pipe he saw in the vehicle was used for smoking marihuana, but he testified he had seen such pipes for sale in stores, that they were commonplace in Eugene, and on one occasion he had seen a teen-ager in a park in Eugene smoking tobacco in such a pipe.

No statute in Oregon makes it illegal to own such a pipe. We have been cited three California Court of Appeals cases which contain conflicting statements of the law applicable in similar fact situations.[1] Each

---

[1] People v. Ortiz, 276 Cal App 2d 1, 80 Cal Rptr 469 (1969); People v. Nickles, 9 Cal App 3d 986, 88 Cal Rptr 763 (1970); and Fraher v. Superior Court, 272 Cal App 2d 155, 77 Cal Rptr 366 (1969).

involves sighting of a hashish pipe by an officer followed by an arrest and search. The possession of hashish pipes is made illegal by California Health and Saf. Code, § 11555. For this reason the comments in the California cases are not very helpful. In one of the cases the court said that even if the pipe itself was not contraband the sighting of it was reasonable ground for an officer to believe that it (the pipe) contained contraband where his experience was that pipes of such shape and design are used for smoking marihuana.[2] In another, the court observed:

> "* * * [W]e doubt that the mere possession of such an object [a hashish pipe], standing by itself, provides sufficient grounds for an arrest for possession of marihuana."[3]

In *State v. Washington,* 82 NM 284, 480 P2d 174 (1971), the court held that where a weapon search was conducted of the defendants and cigarette papers that could be used for smoking marihuana were found, a further search for marihuana based on that discovery was unjustified.

As we have indicated, the question is close. The trial court, placing reliance upon *State v. Rater,* 253 Or 109, 453 P2d 680 (1969), concluded that there was insufficient evidence upon which to base the arrest. The facts in *Rater* are somewhat analogous to those in the case at bar. We agree with the trial court that that decision is controlling.

Affirmed.

---

[2] People v. Nickles, n 1, supra.

[3] People v. Ortiz, n 1, supra, 276 Cal App 2d at 7.