Argued October 16, affirmed December 4, 1978

## STATE OF OREGON, *Respondent,*
### *v.*
## JOHN CHARLES YORK, *Appellant.*
### (No. 78-11 C, CA 11294)

587 P2d 111

Timothy A. Bailey, Klamath Falls, argued the cause for appellant. With him on the brief was Crane & Bailey, Klamath Falls.

Allison Smith, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Johnson, Gillette, and Roberts, Judges.

JOHNSON, J.

**JOHNSON, J.**

Defendant was convicted on two counts of criminal activity in drugs, ORS 167.207. He appeals the trial court's denial of his motion to suppress evidence seized pursuant to a warrantless search of defendant's automobile.

An officer of the Oregon State Police stopped defendant's car because defendant was driving in an erratic manner. The officer suspected that defendant was driving under the influence of alcohol, but upon observing defendant and smelling his breath was satisfied that defendant had not been drinking. In the course of the investigation the officer looked inside the car with the aid of his flashlight and noticed an unzipped vinyl sportsbag containing clothes with a deer horn pipe on top. The officer testified that the pipe was of a type commonly used for smoking marijuana or hashish. He then advised defendant that he was going to search the vehicle. Whereupon, defendant produced a tobacco pouch and said, "Here's the marijuana." The officer then opened the door to defendant's car, took out the vinyl bag and smelled the pipe. He detected the odor of burnt marijuana. The officer then searched the vinyl bag and discovered approximately nine ounces of marijuana.

Defendant argues that the officer's statement that he was going to search the car was coercive and, therefore, defendant's action in producing the tobacco pouch containing the marijuana cannot be relied upon in determining whether the officer had probable cause to search. Irrespective of the voluntariness of defendant's actions, the officer had probable cause to search in order to inspect the pipe. In *State v. Parks,* 5 Or App 601, 485 P2d 1246 (1971), we held that observation of a hashish pipe alone did not constitute probable cause to search. Here, however, the pipe, plus the fact that the officer had observed defendant driving erratically, and thus inferentially under the influence of intoxicants, combined to give the officer probable cause.

Affirmed.