Argued and submitted April 26, affirmed November 8, 1989

# STATE OF OREGON
*Respondent,*

*v.*

# JAMES MICHAEL HAYES,
*Appellant.*

(C 86-12-36614, C 88-01-30575;
CA A48688 (Control), A48689)
(Cases Consolidated)

781 P2d 1251

Diane L. Alessi, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Jonathan H. Fussner, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

## DEITS, J.

Defendant appeals his conviction for possession of a controlled substance, ORS 475.992, assigning as error the trial court's denial of his motion to suppress evidence. We affirm.[1]

Defendant was riding as a passenger in a pickup truck that was stopped by Portland Police Officer Fort on October 6, 1987, at approximately 12:30 a.m., because it had no license plate lights. Fort testified that, after he had turned on the overhead lights on his patrol car, he saw defendant lean over as if to place something on the floor of the pickup truck. When he ordered the driver from the truck, the cab light came on and Fort saw a spoon on the floorboard in the same area where defendant had been leaning over. The spoon had burn marks and contained a crystallized substance.

Fort ordered defendant to step out so that he could be searched. Defendant testified that he asked Fort if he was free to leave and that Fort said, "No." Fort then searched defendant and discovered a leather pouch strapped over defendant's shoulder inside his clothing. He removed several small packets of marijuana from the leather pouch, finding less than one ounce. Fort then continued his search of defendant and discovered a small metal box, sealed with tape, inside defendant's boot. He did not open the metal box at that time, but instead transported defendant to the police station for booking. At the station, defendant volunteered that he was on probation for possession of methamphetamine, that he was not using the drug, but was selling it, and that there was methamphetamine in the metal box. Fort then opened the metal box and found two bindles of a yellowish crystalline substance.

■ ■ Defendant first argues that Fort lacked probable cause to arrest and search him. A peace officer may arrest without a warrant when the officer has probable cause to believe that a person has committed an offense. ORS 133.310(1)(a). "Probable cause" is defined by ORS 131.005(11) as

"a substantial objective basis for believing that more likely

---

[1] In a related case that is consolidated with this appeal, defendant appeals the trial court's order revoking his probation and imposing new probation conditions. In view of our disposition of defendant's appeal of his conviction, his assignment of error related to the probation revocation is without merit. We affirm the revocation.

than not an offense has been committed and a person to be arrested has committed it."

When determining whether there is a substantial objective basis, the totality of the facts and circumstances is considered. *See State v. Rector/Tremaine,* 82 Or App 466, 475, 729 P2d 1 (1986), *rev den* 302 Or 614 (1987). Moreover, the officer must have a subjective belief, along with an objective basis, that the person has committed an offense. *State v. Owens,* 302 Or 196, 204, 729 P2d 524 (1986).

In this case, the objective facts supporting Fort's belief that defendant possessed a controlled substance were defendant's furtive movement in response to the police car's lights and Fort's observation of the spoon. In contrast to *State v. Ford,* 20 Or App 384, 387, 531 P2d 740 (1975), where the officer only observed stains on the paraphernalia, Fort observed burn marks and a crystalline substance on the spoon. The fact that only a small amount of the drug may have been present on the spoon does not negate probable cause to arrest for possession of a controlled substance, because even a trace amount is enough to support a conviction for that crime. *See State v. Forrester,* 29 Or App 409, 413, 564 P2d 289, *rev den* 279 Or 301 (1977). Fort also testified that, on the basis of his 20 years of police work, he recognized the spoon as one used for heating illicit drugs. We hold that Fort did have probable cause to arrest defendant for possession of a controlled substance.

Defendant also asserts that, even if his arrest was lawful, the seizure of the small metal box was unlawful, because "[t]here is nothing in this record to show that Fort had a substantial objective basis for believing that the container held contraband." Defendant confuses the probable cause requirement necessary for the initial arrest with the subsequent reasonableness standard for a search incident to the arrest. Once defendant was arrested for possession of the controlled substance, Fort could search his belongings in his immediate possession for evidence of that crime. *State v. Owens,* 302 Or 196, 201, 729 P2d 524 (1986). Because a controlled substance could easily have been stored in the metal box, the seizure of the metal box was lawful.

Defendant next contends that, even if the seizure of the metal box was lawful, the opening of it at the station was

not. He argues that, because the search of the container was not contemporaneous with the seizure, it cannot be justified as a search incident to his arrest. However, it is unnecessary to decide whether there was a sufficient temporal relationship between the search of the box and the arrest because, at the station, there was probable cause to arrest defendant on an additional charge that allowed Fort to search defendant incident to the arrest on the new charge. *See State v. Flores,* 68 Or App 617, 639, 685 P2d 999, *rev den* 298 Or 151 (1984). When defendant and Fort arrived at the station, defendant voluntarily told him that he was on probation for possession of methamphetamine but that he was not using it, only selling it, and that the metal box contained methamphetamine. It was only after defendant made those statements that Fort opened the metal box and found the methamphetamine. Defendant's statements provided Fort with probable cause to arrest him for the felonies of possession of a controlled substance and distribution of a controlled substance. ORS 475.992. Fort's search of the metal container was incident to a presumed arrest on the new charges.[2] The trial court properly denied the motion to suppress.

Affirmed.

---

[2] Defendant was also indicted and tried for distribution of a controlled substance, although he was found not guilty on that count.