Submitted on petition for reconsideration filed February 12, reconsideration allowed; former decision (110 Or App 633, 823 P2d 457) adhered to May 13, 1992

# STATE OF OREGON,
*Respondent,*

*v.*

# BARRY JOE STULL,
*Appellant.*

(90-02-31186; CA A68331)

831 P2d 690

John A. Wetteland, Jr., Portland, for petition.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

PER CURIAM

## PER CURIAM

█ Defendant petitions for review of our affirmance of the trial court's denial of his motion to suppress. We treat the petition as one for reconsideration. ORAP 9.15(1).

Defendant moved to suppress evidence obtained by a search conducted pursuant to a warrant. He argued that, because the affidavit supporting the warrant does not show that the confidential informant (CI) was credible or her information reliable, it did not establish probable cause. ORS 133.545(4); *State v. Carlile*, 290 Or 161, 164, 619 P2d 1280 (1980). The trial court found that the fruits of the search conducted pursuant to the warrant established that the CI was reliable and, therefore, denied defendant's motion.

█ Because a search and seizure cannot be justified by its fruits, *State v. Ford*, 20 Or App 384, 387, 531 P2d 740 (1985), a court cannot consider evidence other than that in the affidavit. *See State v. Dunavant*, 250 Or 570, 575, 444 P2d 1 (1968). Nevertheless, any error was harmless, because the information within the four corners of the affidavit establishes probable cause. *See State v. Morrison/Bartee*, 107 Or App 343, 351 n 10, 812 P2d 832, *mod* 108 Or App 766, 816 P2d 1217 (1991).

Reconsideration allowed; former decision adhered to.