Argued and submitted January 27, reversed and remanded June 22, 1994

# STATE OF OREGON,
*Appellant,*

*v.*

# SAMUEL RUSNAK,
*Respondent.*

(C92-11-36709; CA A79322)

876 P2d 848

Ann Kelley, Assistant Attorney General, argued the cause for appellant. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

David K. Allen, Deputy Public Defender, argued the cause for respondent. With him on the brief was Sally L. Avera, Public Defender.

Before Deits, Presiding Judge, and Richardson, Chief Judge, and Riggs, Judge.

RIGGS, J.

## RIGGS, J.

The state appeals from a pretrial order suppressing evidence. ORS 138.060(3). We reverse and remand.

The pertinent facts are not in dispute. On November 2, 1992, a named citizen drove past a bridge in a wooded area and saw three young, white men with a brown pickup stripping a yellow car. He called 911 from his car phone and reported the crime. The 911 operator dispatched officers to the scene. The first police officer arrived on the scene 14 minutes after he received the dispatch and found a yellow car with all four wheels removed. The officer drove past the car and, two-tenths of a mile away from the stripped car, he saw defendant, a young, white male, walking back towards the stripped car. The officer also saw two other young, white men who, immediately after seeing the patrol car, jumped over an embankment. Defendant had no tools or other evidence of the crime in his hands, but had a startled look on his face. The officer testified that he thought defendant was going to "take off on foot." The officer got out of his patrol car, conducted a quick pat-down, handcuffed defendant, placed him in the back of his car and radioed for backup units to help him find the two other suspects. After interrogation, defendant admitted his part in stripping the car.

Defendant was indicted for unauthorized use of a vehicle, possession of a stolen motor vehicle and theft in the first degree. ORS 164.135(1); ORS 819.300(1); ORS 164.055(1). Before trial, defendant moved to suppress all the evidence seized on the grounds that the arrest was made without probable cause. The motion was granted, and the state appeals.

The state does not challenge the trial court's findings of fact. It challenges only the trial court's legal conclusion that the officer did not have probable cause to arrest defendant. *See State v. Herbert*, 302 Or 237, 241, 729 P2d 547 (1986). Probable cause exists if there is a substantial objective basis for believing that it is more likely than not that an offense has been committed, and the person to be arrested has committed it. ORS 131.005(11). The court found:

"The officer found a vehicle which had obviously been stripped and was obviously stolen prior to the time that he contacted any suspects."

Thus, the trial court found that an offense had been committed; the only question remaining is whether the officer properly connected defendant to the crime.

 To determine whether the officer had a substantial objective basis for believing that defendant was involved in this crime, we look to the totality of the circumstances. *State v. Hayes*, 99 Or App 322, 325, 781 P2d 1251 (1989). Probable cause does not require certainty. *State v. Herbert, supra*, 302 Or at 241. Defendant argues that the officer lacked probable cause because it is not normal for a person escaping the scene of a crime to walk towards it. *See State v. Gressel*, 276 Or 333, 338, 554 P2d 1014 (1976). However, that does not lead inevitably to a conclusion that the officer lacked probable cause. The fact that defendant was headed back towards the crime scene is only a part of the totality of the circumstances that we consider. The officer arrived at a crime scene within 15 minutes of receiving the report that three young, white males were stripping a car. Within two minutes of his arrival, and only two-tenths of a mile away from the stripped car, the officer spotted three young, white males on the road. Two of the men immediately fled, leaving defendant, who looked surprised and ready to run, standing in the road. We conclude that the totality of the circumstances in this case constituted probable cause for the officer to arrest defendant.

Reversed and remanded.