No. 18 January 10, 2024 149

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ARTHUR LLOYD COWAN,
Defendant-Appellant.

Coos County Circuit Court
21CR42118; A178003

Andrew E. Combs, Judge.

Submitted September 18, 2023.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and James Brewer, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Alex Jones, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

ORTEGA, P. J.

Affirmed.

**ORTEGA, P. J.**

Defendant appeals a judgment, based on his conditional guilty plea, for criminal driving while suspended or revoked, ORS 811.182. He challenges the denial of his motion to suppress evidence obtained during a traffic stop, maintaining in a single assignment of error that the police did not have probable cause for the stop. We conclude that the evidence supports a conclusion that the registration plate for defendant's truck was in violation of ORS 803.550, which in turn supports the trial court's conclusion that there was probable cause to stop defendant for a traffic violation.[1] Thus, the trial court did not err in denying defendant's motion to suppress, and we affirm its judgment.

We review for legal error a trial court's denial of a motion to suppress. *State v. Ehly*, 317 Or 66, 75, 854 P2d 421 (1993); *see also State v. Husk*, 288 Or App 737, 739, 407 P3d 932, *rev den*, 362 Or 665 (2018) (establishing that in conducting such review, we determine "[w]hether the facts establish[ed] probable cause to stop [the defendant] for a traffic violation"). In making that assessment, we are bound by the trial court's findings of fact if there is sufficient evidence in the record to support them. *Ehly*, 317 Or at 75. If the trial court did not make express findings of fact on all pertinent issues, we "presume that the facts were decided in a manner consistent with the court's ultimate conclusion." *Id.* Based on those standards, we state the facts consistently with the trial court's factual findings.

Trooper Carnahan "followed behind" the truck driven by defendant and, unable to read the truck's rear registration plate, decided to stop defendant for a traffic violation. Once defendant was stopped, Carnahan learned that defendant's driving privileges were suspended due to a prior DUII conviction, and he arrested defendant. The state indicted defendant with one count of criminal driving while suspended or revoked, ORS 811.182, based on the allegation that he "unlawfully and feloniously dr[o]ve a motor vehicle upon a highway or premises open to the public, during a

---

[1] Although the term "license plate" is more commonly used, ORS 803.550 refers to "registration plate" and we conform to that usage.

period when defendant's driving privileges * * * were revoked in [the] state."[2]

Defendant moved to suppress all evidence derived from that traffic stop. In his memorandum supporting the motion, he argued that Carnahan lacked probable cause to believe that he had violated the law thereby rendering the stop in violation of Article I, section 9, of the Oregon Constitution.[3] He contended that because his truck's registration plate was displayed in the required location and there was nothing blocking or obstructing view of the plate, he "did not fail to display registration plates" as required by ORS 503.540 and that, accordingly, Carnahan lacked the required objective basis to believe it more likely than not that he had committed an offense. *See* ORS 131.005(11) (establishing the probable cause standard as requiring such a basis). Alternatively, defendant argued that even if Carnahan had probable cause to stop him, that probable cause dissipated once Carnahan approached the truck and was able to read the registration plate, all of which occurred before he learned that defendant was prohibited from driving due to his felony status.

At the suppression hearing, the state offered into evidence footage of the incident recorded by Carnahan's body camera and evidence that defendant's driving privileges had been revoked. Carnahan testified that, as part of his law enforcement training, he was familiar with Oregon traffic statutes regarding display of registration plates. He recounted that he drove four to six feet behind defendant's truck during "complete daylight" for "under a minute" and was close enough to see the registration plate, but he could not read it despite trying "several times." Carnahan pulled behind defendant's truck when defendant stopped at a gas station, "walked up [and] looked" at the rear registration plate, but still was unable to read the plate because it was

---

[2] A person who is found driving while their driving privileges have been suspended or revoked as a result of "a conviction for felony driving while under the influence of intoxicants" is subject to a charge of felony criminal driving while suspended or revoked. ORS 811.182(3).

[3] A person has the right to "be secure * * * against unreasonable search or seizure * * *." Or Const, Art I, § 9.

a "very old" and "worn-out plate."[4] He approached defendant, advised him of his rights, and asked for his driver's license and the truck's plate number. Defendant indicated that he did not know the number for the registration plate, handed Carnahan an Oregon identification card, and, when asked, confirmed that his driving privileges had been "suspended." Carnahan walked to the front of defendant's truck and ascertained the plate number by looking at the front registration plate, which was readable. Carnahan entered the information into his computer and "received a readout *** that [defendant's] driving status was suspended at the felony level." Carnahan then arrested defendant.

The state argued that Carnahan had probable cause for violations of both ORS 803.540 and ORS 803.550 (concerning "illegal alteration or illegal display of a registration plate"), based on the evidence that the registration on defendant's truck was illegally altered so as to be unreadable. Defendant remonstrated that the state had not proved that he had knowingly modified the registration plate as provided in ORS 803.550 and renewed his argument that there was nothing wrong with the way the plate was displayed. Generally, he maintained that the state had not met its burden to show that Carnahan had probable cause to stop or arrest defendant under either statute and asked the court to grant his motion to suppress.

The court concluded that Carnahan had probable cause to stop and investigate defendant for a traffic violation and denied defendant's motion. It found that Carnahan's testimony was credible, including the testimony that he could not read the registration plate on the back of defendant's truck even at a distance of six feet. According to the court, Carnahan's inability to read the registration plate during daylight at such close proximity gave him probable cause to stop defendant for a violation of ORS 803.540. The court further found that the fact that defendant provided an Oregon identification card instead of a driver's license, indicating that defendant did not have a valid driver's license, prompted Carnahan to ask about defendant's driving status, based on

---

[4] Before contacting defendant, Carnahan called dispatch and provided a number that, according to him, was a guess of what he thought defendant's license plate was.

probable cause that his driver's license was suspended. The court was silent as to whether probable cause also existed for a violation of ORS 803.550.

After the court's ruling on his motion to suppress, defendant entered a conditional guilty plea, reserving his right to challenge that ruling under ORS 135.335. On appeal, he renews his argument that neither ORS 803.540 nor ORS 803.550 supports a conclusion that Carnahan had probable cause to stop him under the circumstances. We are unpersuaded.

The question is whether Carnahan had probable cause to believe that defendant had violated either ORS 803.540 or ORS 803.550.[5] That requires us to engage in our usual mode of statutory analysis, first considering the text and context of the statute at issue, and then examining any legislative history—if that "appears useful" to our analysis—to discern what the legislature intended. *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009). Here, even assuming without deciding that ORS 803.540 does not support the state's probable cause argument, we conclude, based on statutory analysis of ORS 803.550, that Carnahan had probable cause to stop defendant for a violation of ORS 803.550 on this record.

The relevant part of ORS 803.550 provides:

"(1)   A person commits the offense of illegal alteration or illegal display of a registration plate if the person *knowingly* does any of the following:

"(a)   Illegally alters a registration plate in a manner described in subsection (2) of this section.

"* * * * *

"(c)   Operates any vehicle that is displaying a registration plate that is illegally altered in a manner

---

[5] Although the trial court did not address ORS 803.550, the court's silence does not affect our review, as both parties presented arguments under both statutes below. We, therefore, will affirm the trial court's ultimate conclusion—that Carnahan had probable cause to stop defendant—if either statute supports that conclusion. *See State v. Rogers*, 330 Or 282, 295, 4 P3d 1261 (2000) ("When a trial court makes a ruling, we [may] affirm that ruling on appeal, even if the trial court's legal reasoning for the ruling was erroneous, if another legally correct reason and, to the extent necessary, the record developed in the trial court support the ruling.").

described in subsection (2) of this section or that is illegally displayed as described in subsection (3) of this section.

"* * * * *

"(2)   A registration plate is illegally altered for purposes of this section if the plate has been *altered, modified, covered or obscured in any manner* including, but not limited to, the following:

"(a)   Any change of the color, configuration, numbers, letters or material of the plate."

ORS 803.550(1), (2) (emphases added).

Defendant argues that illegal alteration or display under ORS 803.550(2) applies only to situations in which a person has "illegally altered" a plate, rather than to situations where the plate is difficult to read due to age and weather. He contends that, although the use of the passive voice in ORS 803.550(2) creates some ambiguity, the text and context of the statute suggest that the illegal alteration must be performed by a person. We disagree.

We begin with the text and context of ORS 803.550(2). *Gaines*, 346 Or at 171. First, we observe that the text of ORS 803.550(2) plainly states that there is a violation whenever a registration plate has been "altered, modified, covered or obscured in any manner," not limited to when those actions are performed by a person. In context, ORS 803.550(1)(a) prohibits a person from illegally altering a plate, while ORS 803.550(1)(c) prohibits a person from operating a vehicle with a plate that is illegally altered. ORS 803.550(1)(c) and (2) combined support a conclusion that a person who knowingly operates a vehicle with a registration plate that has been altered "in any manner" is in violation of the statute. ORS 803.550(2) focuses on "a person" who "knowingly" operates a vehicle that displays a registration plate that has been altered, not on who or what has done the altering.

Second, as the state argues, the evident purpose of ORS 803.550 is to ensure that registration plates serve their proper function by requiring that they be easily readable and by authorizing higher penalties for drivers who knowingly display plates that have been altered in any manner,

regardless of who or what caused the alteration. *See State v. Ankeny*, 306 Or App 300, 308, 474 P3d 406 (2020) (indicating that the purpose of "registration plates [is to] provide evidence of authorization to drive on Oregon roads"). That purpose is served by focusing the responsibility on the driver to ensure that the plate has not been altered "in any manner," whether by a person or by natural causes. ORS 803.550(2).

We turn to the second part of the statutory analysis—that is, the legislative history. *Gaines*, 346 Or at 172. Defendant has provided us no legislative history that would contradict our conclusion that the text and context of ORS 803.550(2) indicates that the legislature intended that statute to apply to the type of circumstances at issue here. Thus, we do not consider it. *See id.* (noting flexibility in court's consideration of legislative history).

The evidence here establishes that Carnahan had probable cause to stop defendant for a violation of ORS 803.550. Probable cause exists when "there is a substantial objective basis for believing that more likely than not an offense has been committed and a person to be arrested has committed it." ORS 131.005(11); *see also State v. Hayes*, 99 Or App 322, 325, 781 P2d 1251 (1989) ("When determining whether there is a substantial objective basis, the totality of the *** circumstances is considered" and "the officer must have a subjective belief, along with an objective basis that the [defendant] has committed an offense.").

Here, because defendant was driving a truck with a registration plate that had been altered by becoming so "worn out" that Carnahan could not read it despite several attempts at close range, Carnahan had "a substantial objective basis for believing that more likely than not" defendant had violated ORS 803.550. *See* ORS 803.550(2)(a) (providing that "[a]ny change of the color, configuration, numbers, letters" suffices). Accordingly, Carnahan had probable cause to stop defendant, and the trial court did not err in denying defendant's motion to suppress.

Affirmed.